

# NUMBER 13-12-00228-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE CHARLES WILLIAMS

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion Per Curiam[1]

Relator, Charles Williams, has filed a petition for writ of mandamus alleging that the Honorable Craig Estlinbaum, presiding judge of the 130th Judicial District Court of Matagorda County, Texas, abused his discretion by failing to timely make findings of fact with respect to a petition for writ of habeas corpus filed in the trial court by relator. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07(c) (West Supp. 2011).

Section 11.07 of the Texas Code of Criminal Procedure, regarding post-conviction petitions for writ of habeas corpus such as the one filed by relator, states:

> Within 20 days of the expiration of the time in which the state is allowed to answer [the habeas corpus petition], it shall be the duty of the convicting court to decide whether there are controverted, previously unresolved facts

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying [mandamus] relief, the court may hand down an opinion but is not required to do so.").

material to the legality of the applicant's confinement. . . . . If the convicting court decides that there are no such issues, the clerk shall immediately transmit to the Court of Criminal Appeals a copy of the application, any answers filed, and a certificate reciting the date upon which that finding was made. *Failure of the court to act within the allowed 20 days shall constitute such a finding.*

*Id.* (emphasis added).

Having reviewed and fully considered relator's petition, this Court is of the opinion that relator has not shown himself entitled to the relief requested and that the petition should be denied. "[T]o be entitled to the extraordinary relief of mandamus, the relator must establish two essential requirements: (1) that the act sought to be compelled is purely ministerial, as opposed to discretionary or judicial in nature, and (2) no other adequate remedy at law is available." *Stearnes v. Clinton*, 780 S.W.2d 216, 219 (Tex. Crim. App. 1989). Even assuming that the trial court has failed or refused to timely make findings of fact as contemplated by the statute, relator has not established that the trial court had a "purely ministerial" duty to make such findings. *See id.* In fact, article 11.07 states that "[f]ailure of the court to act" within the time specified "shall constitute" a finding that no "controverted, previously unresolved facts material to the legality of the applicant's confinement." TEX. CODE CRIM. PROC. ANN. art. 11.07(c). The act that relator asks us to compel the trial court to do is therefore discretionary, and mandamus will not issue to compel a discretionary act. *See Stearnes*, 780 S.W.2d at 219.

For the foregoing reasons, relator's petition for writ of mandamus is DENIED.

PER CURIAM

Do Not Publish.
TEX. R. APP. P. 47.2(b).
Delivered and filed the
12th day of April, 2012.

2